IN THE UNITED STATES DISTRICT COURT
FOR THE NORTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| HALLEY ROBERSON | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. |
| | § | |
| | § | |
| | § | |
| PEROUTKA & PEROUTKA, P.A. | § | |
| | § | |
| | § | |
| | § | Demand for Jury Trial |
| | § | |
| | § | |
| Defendant | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW the Plaintiff, HALLEY ROBERSON by Counsel, Dennis McCarty, and for his complaint against the Defendant, alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory, costs, and attorney's fees brought pursuant to 15 U.S.C. §1692 (Federal Fair Debt Collect Act).

### JURISIDICTION AND VENUE

2. Jurisdiction of this Court is conferred by 15 U.S.C. §1692k(d) and 28 U.S.C. §1331 and supplemental jurisdiction exists for any state law claims pursuant to 28 U.S.C. §1367.

3. Venue in this District is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this claim occurred in this Judicial District.

**PARTIES**

4. Plaintiff, Halley Roberson (hereinafter Plaintiff) is a natural person and is a resident and citizen of Dallas County, the State of Texas, United States of America. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, Peroutka & Peroutka, P.A., (hereinafter Defendant), is a "debt collector", as defined 15 U.S.C §1692a(6) and engaged in the business with the purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Defendant is currently doing business in Texas.

**FACTUAL ALLEGATIONS**

6. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

7. Defendant is a debt collector as defined by the Fair Debt Collection Act.

8. Defendant is currently reporting an alleged debt on Plaintiff's credit report.

9. Reporting on a credit report is a debt collection activity. *Please see Edeh v. Midland Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1035-36 (D. Minn. 2010) aff'd, 413 Fed. Appx. 925 (8th Cir. 2011) (This Court finds the FTC's reasoning persuasive. This Court has learned, through its work on countless FDCPA cases, that threatening to report and reporting debts to CRAs is one of the most commonly-used arrows in the debt collector's quiver. Consistent with the views of the FTC—and consistent with the views expressed in *Purnell, Quale,* and *Semper*—the Court finds that Midland was engaged in

2

"collection of the debt" in violation of § 1692g(b) when it reported Edeh's disputed debt to *1036 the CRAs before sending verification of that debt to Edeh.); *see also Edeh v. Midland Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1035-36 (D. Minn. 2010) aff'd, 413 Fed. Appx. 925 (8th Cir. 2011)( The FTC explains, "the reality is that debt collectors use the reporting mechanism as a tool to persuade consumers to pay, just like dunning letters and telephone calls."); *Please see Sullivan v. Equifax, Inc.,* CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002) (The term "communication" is given a very broad definition in the act. It means "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). One commentator has remarked that "[t]his provision recognizes that reporting a debt to a credit reporting agency is "a powerful tool designed, in part, to wrench compliance with payment terms ...." Hobbs, § 5.5.10, p. 170–71 (citing *Rivera v. Bank One,* 145 F.R.D. 614, 623 (D.P.R.1993) & *Matter of Sommersdorf,* 139 B.R. 700, 701 (Bankr.S.D.Ohio 1991)). *See Ditty v. CheckRite, Ltd., Inc.,* 973 F.Supp. 1320, 1331 (D.Utah 1997). Because reporting a debt to a credit reporting agency can be seen as a communication in connection with the collection of a debt, the reporting of such a debt in violation of the provisions of § 1692e(8) can subject a debt collector to liability under the FDCPA.)

10. Debt collectors are required to file a bond with the Texas Secretary of State before they can legally collect debt in Texas.

11. Defendant does not have a bond filed with the Texas Secretary of State. Defendant is attempting to collecting a debt that they can not legally collect in Texas. Defendant is also misleading Plaintiff that they are in good standing with the State of Texas to collect debts and that they can legally collect debts in Texas, violating the Federal Fair Debt Collection Act.

12. Defendant is maliciously, willfully, and/or negligently violating the Fair Debt Collection statutes in an attempt to collect Plaintiff's alleged debt.

13. As a result of Defendants conduct, Plaintiff has suffered great emotional and mental pain and anguish, and all to Plaintiff's great detriment and loss.

14. As a result of Defendant's conduct, Plaintiff has suffered actual damages and all to Plaintiff's great detriment and loss.

15. At all times pertinent hereto, Defendant was acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

16. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## CAUSES OF ACTION

17. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

18. This suit is based upon the Defendants violation of the Federal Fair Debt Collection Act. All causes of action were the producing causes of damages which Plaintiff suffered.

### *Count I: Fair Debt Collection Act*

19. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

20. Defendant violated Federal Statutes 15 U.S.C. §1692e(5), and 15 U.S.C.

§1692e(10).

21. Defendant attempted to collect an alleged debt by reporting the alleged debt on Plaintiff's credit report. Reporting alleged debts to credit bureaus is a debt collection activity. *Please see Edeh v. Midland Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1035-36 (D. Minn. 2010) aff'd, 413 Fed. Appx. 925 (8th Cir. 2011) (This Court finds the FTC's reasoning persuasive. This Court has learned, through its work on countless FDCPA cases, that threatening to report and reporting debts to CRAs is one of the most commonly-used arrows in the debt collector's quiver. Consistent with the views of the FTC—and consistent with the views expressed in *Purnell, Quale,* and *Semper*—the Court finds that Midland was engaged in "collection of the debt" in violation of § 1692g(b) when it reported Edeh's disputed debt to **\*1036** the CRAs before sending verification of that debt to Edeh.); *see also Edeh v. Midland Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1035-36 (D. Minn. 2010) aff'd, 413 Fed. Appx. 925 (8th Cir. 2011)( The FTC explains, "the reality is that debt collectors use the reporting mechanism as a tool to persuade consumers to pay, just like dunning letters and telephone calls."); *see also Sullivan v. Equifax, Inc.*, CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002) (The term "communication" is given a very broad definition in the act. It means "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). One commentator has remarked that "[t]his provision recognizes that reporting a debt to a credit reporting agency is "a powerful tool designed, in part, to wrench compliance with payment terms ...." Hobbs, § 5.5.10, p. 170–71 (citing *Rivera v. Bank One,* 145 F.R.D. 614, 623 (D.P.R.1993) & *Matter of Sommersdorf,* 139 B.R. 700, 701 (Bankr.S.D.Ohio 1991)). *See Ditty v. CheckRite, Ltd., Inc.,* 973 F.Supp. 1320, 1331 (D.Utah 1997). Because reporting a debt to a credit reporting agency can be seen as a communication in connection with the collection of a debt, the reporting of such a debt in

5

violation of the provisions of § 1692e(8) can subject a debt collector to liability under the FDCPA.)

Texas requires "debt collectors" to file a $10,000.00 bond with the Texas Secretary of State's Office before they can collect debt in Texas. Defendant is not bonded in Texas to collect debts. Because Defendant is not bonded, they are not legally able to collect debt in Texas violating 15 U.S.C. §1692e(5).

Defendant held themselves out to Plaintiff that they are able to legally collect debts in Texas, however Defendant is not bonded as required in Texas before they are legally able to collect debts, which is false and Defendant mislead Plaintiff that they have satisfied the requirements and is in good standing with the State of Texas to legally collect debts violating15 U.S.C. §1692e(10).

The section entitled "False or misleading representations" under 15 U.S.C. §1692e reads:

> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

and;

> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

And:

TEXAS FINANCE CODE 392.101 BOND REQUIREMENT

> (a) A third-party debt collector or credit bureau may not engage in debt collection unless the third-party debt collector or credit bureau has obtained a surety bond issued by a surety company authorized to do business in this state as prescribed by this section. A copy of the bond must be filed with the secretary of state.
> (b)The bond must be in favor of:
> (1)any person who is damaged by a violation of this chapter; and

6

    (2)this state for the benefit of any person who is damaged by a violation
of this chapter.
    (c)The bond must be in the amount of $10,000.

## COUNT II—VIOLATION OF THE TEXAS DEBT COLLECTION ACT

## (TDCA)—TEXAS FINANCE CODE §392

22. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein

23. The Plaintiff is a "consumer" as defined by Tex. Fin. Code §392.001(1).

24. The Defendant is a "third party debt collector" as defined by Tex. Fin. Code §392.001(7).

25. The TDCA makes it a violation for a debt collector to attempt to collect a debt by "Threatening to take an action prohibited by law" Tex. Fin. Code §392.301(a)(8) as well as making, "Fraudulent, Deceptive, or Misleading Representations" Tex. Fin. Code §392.304(a)(19).

26. Defendant attempted to collect an alleged debt by reporting the alleged debt on Plaintiff's credit report. Reporting alleged debts to credit bureaus is a debt collection activity. *Please see Edeh v. Midland Credit Mgmt., Inc.,* 748 F. Supp. 2d 1030, 1035-36 (D. Minn. 2010) aff'd, 413 Fed. Appx. 925 (8th Cir. 2011) (This Court finds the FTC's reasoning persuasive. This Court has learned, through its work on countless FDCPA cases, that threatening to report and reporting debts to CRAs is one of the most commonly-used arrows in the debt collector's quiver. Consistent with the views of the FTC—and consistent with the views expressed in *Purnell, Quale,* and *Semper*—the Court finds that Midland was engaged in "collection of the debt" in violation of § 1692g(b) when it reported Edeh's disputed debt to **\*1036** the CRAs before sending verification of

7

that debt to Edeh.); *see also Edeh v. Midland Credit Mgmt., Inc.* 748 F. Supp. 2d 1030, 1035-36 (D. Minn. 2010) aff'd, 413 Fed. Appx. 925 (8th Cir. 2011)( The FTC explains, "the reality is that debt collectors use the reporting mechanism as a tool to persuade consumers to pay, just like dunning letters and telephone calls."); *see also Sullivan v. Equifax, Inc.*, CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002) (The term "communication" is given a very broad definition in the act. It means "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). One commentator has remarked that "[t]his provision recognizes that reporting a debt to a credit reporting agency is "a powerful tool designed, in part, to wrench compliance with payment terms ...." Hobbs, § 5.5.10, p. 170–71 (citing *Rivera v. Bank One,* 145 F.R.D. 614, 623 (D.P.R.1993) & *Matter of Sommersdorf,* 139 B.R. 700, 701 (Bankr.S.D.Ohio 1991)). *See Ditty v. CheckRite, Ltd., Inc.,* 973 F.Supp. 1320, 1331 (D.Utah 1997). Because reporting a debt to a credit reporting agency can be seen as a communication in connection with the collection of a debt, the reporting of such a debt in violation of the provisions of § 1692e(8) can subject a debt collector to liability under the FDCPA.)

Texas requires "debt collectors" to file a $10,000.00 bond with the Texas Secretary of State's Office before they can collect debt in Texas. Defendant is not bonded in Texas to collect debts. Because Defendant is not bonded, they are not legally able to collect debt in Texas violating Tex. Fin. Code §392.301(a)(8).

Defendant held themselves out to Plaintiff that they are able to legally collect debts in Texas, however Defendant is not bonded as required in Texas before they are legally able to collect debts, which is false and Defendant mislead Plaintiff that they have

8

satisfied the requirements and is in good standing with the State of Texas to legally collect debts violating Tex. Fin. Code §392.304(a)(19).

The section entitled "Subchapter D. Prohibited Debt Collection Methods"

 Sec. 392.301.  THREATS OR COERCION.
 (a) In debt collection, a debt collector may not use threats, coercion, or attempts to coerce that employ any of the following practices:

  (8)  threatening to take an action prohibited by law.

And;

This section entitled Fraudulent, Deceptive, or Misleading Representations reads:

 Sec. 392.304.   FRAUDULENT, DECEPTIVE, OR MISLEADING REPRESENTATIONS.  (a) Except as otherwise provided by this section, in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices:
  (19) using any other false representation or deceptive means to collect a
  debt or obtain information concerning a consumer.

And:

 TEXAS FINANCE CODE 392.101 BOND REQUIREMENT

 (a) A third-party debt collector or credit bureau may not engage in debt collection unless the third-party debt collector or credit bureau has obtained a surety bond issued by a surety company authorized to do business in this state as prescribed by this section. A copy of the bond must be filed with the secretary of state.
 (b)The bond must be in favor of:
  (1)any person who is damaged by a violation of this chapter; and
  (2)this state for the benefit of any person who is damaged by a violation of this chapter.
 (c)The bond must be in the amount of $10,000.


 27.  Plaintiff seeks all damages recoverable under the TDCA, including but not limited to injunctive relief, actual damages, reasonable attorney's fees and costs.

9

Defendant alleges that they are entitled to exemplary damages under the Texas Civil Practice & Remedies Code as a result of Defendant's actions.

28. As a result of Defendant's conduct, Plaintiffs has suffered great emotional and mental pain and anguish, and all to Plaintiff's great detriment and loss.

29. As a result of Defendant's conduct, Plaintiffs has suffered actual damages and all to Plaintiff's great detriment and loss.

30. At all times pertinent hereto, Defendant was acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

31. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

32. The conduct of Defendant was a direct and proximate cause, as well as a Substantial factor in bringing about the damages and harm to Plaintiff that are outlined above and, as a result, Defendants are liable to compensate Plaintiff for the full amount of actual, statutory damages, exemplary damages, costs and attorney fees as well as such other relief, permitted by law.

## EXEMPLARY DAMAGES

33. Plaintiff would further show that the acts complained herein of Defendant were committed with fraud, malice, with gross negligence and with the specific and predetermined intention of enriching said Defendant at the expense of

Plaintiff.  In order to punish said Defendant for such unconscionable overreaching and to deter such actions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages as provided by Texas Civil Practice & Remedies Code  §41.001(5)

## DEMAND FOR JURY TRIAL

34.  Plaintiff demands trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages pursuant to 15 U.S.C. §1692k;

(b) Statutory damages pursuant to 15 U.S.C. §1692k;

(c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

(d) Injunctive relief pursuant to Tex. Fin. Code §392.403(a)(1);

(e) Actual Damages pursuant to Tex. Fin. Code  §392.403(a)(2)

(f) Exemplary Damages pursuant to Texas Civil Practice & Remedies Code §41.001(5).

(g) Such other and further relief as may be necessary, just and proper.

Dated: March 15, 2012

        Respectfully submitted,

        /s/ Dennis McCarty_____
        Dennis McCarty
        ATTORNEY FOR PLAINTIFF
        Mississippi Bar No. 102733
        Federal Bar No. 993800

P.O. Box 54172
Hurst, TX., 76054
Telephone: 817-704-3375
Fax (817) 887-5069
dmccartylaw@att.net
Phong Le
ATTORNEY FOR PLAINTIFF
Texas Bar No. 24043776
Federal Bar No. 917775
6065 Hillcroft, Tx 77081
Houston, Texas 77081
Telephone: 713-337-0670
Facsimile: 713-337-0671